UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HEATHER LEE BRADLEY                          CIVIL ACTION

VERSUS                                       NO. 25-2452

BAYOU AUTOMOTIVE GROUP,
L.L.C.                                       SECTION: "J"(3)

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 8)** filed by Defendant, Bayou Automotive Group, L.L.C. Pro se plaintiff, Heather Lee Bradley, opposed the motion. (Rec. Doc. 9). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion to dismiss should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from Plaintiff's visits to one of Defendant's car dealerships for service. In her complaint, Bradley alleged that she took her 2023 Dodge Charger to Bayou Chrysler Dodge Jeep Ram for service and repair three times. Plaintiff subsequently brought this action against Defendant for its alleged failure to resolve the problems with her vehicle, and she also raised issues concerning the vehicle's warranty, representations made by Defendant's employee at the time of purchase, and the terms of her financing agreement.

Plaintiff filed the complaint in this matter on December 6, 2025, and shortly thereafter on December 11, she was granted leave to proceed *in forma pauperis.*

1

Magistrate Judge Dossier issued a service order on December 12, 2025, which directed the U.S. Marshals Service to effectuate timely service on Defendant. (Rec. Doc. 4). On March 30, 2026, a U.S. Marshal filed the process receipt and return in the record, indicating that service had been made on Defendant's CFO on March 26, 2026. (Rec. Doc. 7). Defendant then filed its motion to dismiss for insufficiency of service of process, claiming that Plaintiff failed to serve Defendant timely pursuant to Federal Rule of Civil Procedure 4(m).

## **LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure challenges the mode of delivery or lack of delivery of the summons and complaint. A 12(b)(5) motion "turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). When a defendant challenges the validity of service of process, the plaintiff bears the burden of proving that service of process was valid. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) (citation omitted). A district court has broad discretion to dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citing *George v. U.S. Dep't of Lab.*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

The procedural requirements for proper service are set forth in Rule 4 of the Federal Rules of Civil Procedure. Rule 4(m) gives a plaintiff 90 days after the complaint is filed to serve the defendant. Under Rule 4(m), when a plaintiff fails to serve a defendant within the 90-day period, the court "must dismiss the action

without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, the plaintiff shows good cause for the failure, "the court must extend the time for service for an appropriate period." *Id.* To establish good cause, the plaintiff must show "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citation omitted). The relevant factors for a court to consider in determining whether there has been "excusable neglect" include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).

## DISCUSSION

Here, Plaintiff does not dispute that Defendant was served 110 days after she filed her complaint, which is outside of the 90-day period mandated by Federal Rule of Civil Procedure 4(m). However, Plaintiff contends, and the Court agrees, that she has good cause for her failure to serve Defendant timely. As explained above, only five days after Plaintiff filed her complaint, the Magistrate Judge in this matter ordered that the U.S. Marshals Service effectuate service on Defendant. For whatever reason, the U.S. Marshals

Service did not perfect service until March 26, 2026. As Plaintiff notes, this "delay in service was outside Plaintiff's control." (Rec. Doc. 9, at 1).

Put another way, the Court cannot attribute the delay in service to Plaintiff's inadvertence or ignorance of the rules as it was not "within [her] reasonable control." *Adams*, 465 F.3d at 161 n.8. Further, there is no suggestion by Defendant, or otherwise, that Plaintiff acted in bad faith. Instead, the Court finds that Plaintiff acted reasonably in trusting that the U.S. Marshals Service would serve Defendant in a timely manner. Therefore, the Court believes that Plaintiff acted in good faith, and that she has provided a "reasonable basis for noncompliance" with Rule 4(m). *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (citation omitted).

Finally, Defendant did not raise the issue of prejudice in its motion, but because there is only one defendant in this matter, and it is still very early in the litigation, the Court finds no evidence that Defendant will be prejudiced by the twenty-day delay in perfecting service. The Court concludes that Plaintiff has shown good cause for her failure to comply with Rule 4(m), and because the U.S. Marshal perfected service on Defendant in March, an extension of time for service is unnecessary.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss **(Rec. Doc. 8)** is **DENIED**.

New Orleans, Louisiana, this 11th day of May, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE