UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HEATHER LEE BRADLEY | CIVIL ACTION |
| VERSUS | NO. 25-2452 |
| BAYOU AUTOMOTIVE GROUP, L.L.C. | SECTION: "J"(3) |

## ORDER AND REASONS

Before the Court is *Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Alternatively, Motion for a More Definite Statement Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure* **(Rec. Doc. 11)**. Pro se Plaintiff, Heather Lee Bradley, opposed the motion (Rec. Doc. 12), and Defendant, Bayou Automotive Group, LLC ("Bayou Automotive"), filed a reply memorandum (Rec. Doc. 16). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Bayou Automotive's motion to dismiss should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

In April of 2024, Defendant, Bayou Automotive, sold Plaintiff, Heather Lee Bradley, a new 2023 Dodge Charger GT (the "vehicle"). (Rec. Doc. 12, at 1). At the time of purchase, Bayou Automotive represented to Ms. Bradley that the vehicle carried an uncompromised 3-year, 36,000-mile written manufacturer's warranty. *Id.* In her complaint, Ms. Bradley alleges that after returning her vehicle to Bayou Automotive's dealership on multiple occasions for service and repair,

problems remained uncorrected. (Rec. Doc. 1, at 4). Ms. Bradley also alleges that she later discovered incorrect documentation from her purchase, and that the vehicle was sold to her without features that were promised. (Rec. Doc. 1, at 4). Ms. Bradley brought this action against Bayou Automotive in December of 2025, claiming violations of the Monroney Act, 15 U.S.C. § 1231 *et seq.* (Automobile Information Disclosure Act, or "AIDA"), the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"), and the Federal Odometer Act, 49 U.S.C. § 32701 *et seq.* ("FOA"). (Rec. Doc. 1, at 3). Ms. Bradley identifies federal question as the basis for the Court's jurisdiction. (Rec. Doc. 1, at 3).

Ms. Bradley requests that the Court order her vehicle to "be brought into conformity with the condition, features and warranty that were represented at the time of purchase." (Rec. Doc. 1, at 4). Further, Ms. Bradley requests that the Court order her finance documentation to be corrected to reflect agreed-upon terms, her vehicle's warranty to be extended at no additional cost, a full electrical inspection to be performed once annually for the next three years, and that she be reimbursed for out-of-pocket expenses related to repairs, rental, and her vehicle's diminished value attributable to Bayou Automotive's actions. (Rec. Doc. 1, at 4–5).

In response, Bayou Automotive moves for dismissal of Ms. Bradley's complaint, asserting that the complaint is "sparse" and that she has not pled sufficient facts to state a plausible claim for relief. (Rec. Doc. 11-1, at 1). First, Bayou Automotive contends that the AIDA does not afford a private right of action, and that there is no civil remedy available to private parties. (Rec. Doc. 11-1, at 2–3). Second, Bayou

Automotive acknowledges that Ms. Bradley's vehicle was covered by a 3-year, 36,000-mile manufacturer's warranty, but contends that the MMWA only provides a private right of action against the warrantor. (Rec. Doc. 11-1, at 4). Bayou Automotive maintains that the warrantor in this case is Dodge, the manufacturer. (Rec. Doc. 11-1, at 4). Third, Bayou Automotive contends that while the FOA provides a private right of action to those aggrieved by odometer tampering and inaccurate odometer disclosures, FOA violations must be committed with intent to defraud, and such intent must be alleged with particularity. (Rec. Doc. 11-1, at 3). Bayou Automotive asserts that Ms. Bradley's complaint offers no factual allegations concerning her vehicle's odometer and fails to allege intent to defraud with particularity. (Rec. Doc. 11-1, at 4).

In the alternative, Bayou Automotive moves for a more definite statement. (Rec. Doc. 11-1, at 5–6). Bayou Automotive contends that Ms. Bradley's complaint does not identify the vehicle's allegedly uncorrected problems, incorrect documentation, features that were promised and not included, nor how the odometer reading is involved. (Rec. Doc. 11-1, at 6). Bayou Automotive asserts that, should the Court deny its motion to dismiss, it "is entitled to better understand the vague allegations made against it in order to responsively plead." (Rec. Doc. 11-1, at 6).

In her reply, Ms. Bradley opposes Bayou Automotive's motion to dismiss, asserting that her complaint "alleges specific, plausible facts that establish viable claims for relief." (Rec. Doc. 12, at 1). Ms. Bradley provides more detailed allegations in her opposition, including claims of denial of coverage while seeking necessary

warranty repairs, discovery of conflicting in-service dates in her vehicle's records that negatively impacted her expected warranty duration, discrepancies between information on her vehicle's Monroney label and the manufacturer's build sheets, sales documents lacking required signatures from Bayou Automotive, and electrical and telematics malfunctions left unaddressed by Bayou Automotive. (Rec. Doc. 12, at 2).

Further, Ms. Bradley's opposition responds to each of the assertions in Bayou Automotive's motion to dismiss. First, Ms. Bradley contends that Bayou Automotive misconstrues her AIDA claim, stating that rather than bringing a standalone statutory claim, she is citing a clear discrepancy between her vehicle's Monroney label, the manufacturer's build sheets, and documentation from the assembly line to support her state-law claims of fraud, redhibition, and breach of contract. (Rec. Doc. 12, at 3). Second, Ms. Bradley asserts that her claim is not merely that her vehicle's warranty was breached, but that Bayou Automotive misrepresented details about the warranty at the time of purchase and failed to inform her of recorded in-service dates impacting her coverage. (Rec. Doc. 12, at 3). Additionally, Ms. Bradley asserts that because the conflicting dates were contained in Bayou Automotive's records, Bayou Automotive engaged in deceptive practices regarding the status, start date, or extent of her coverage, and therefore can be held liable under the MMWA. (Rec. Doc. 12, at 3). Third, Ms. Bradley contends that Bayou Automotive's incomplete sales documentation, inaccurate Monroney label, and conflicting in-service dates imply a discrepancy in her vehicle's history or mileage tracking. (Rec. Doc. 12, at 3–4). Lastly,

Ms. Bradley asserts that Bayou Automotive is not entitled to a more definite statement because her complaint is sufficiently detailed. (Rec. Doc. 12, at 4).

In response, Bayou Automotive filed a reply memorandum. (Rec. Doc. 16). First, Bayou Automotive asserts that Ms. Bradley's opposition raises allegations and includes documents that are not included in her complaint, and that a complaint cannot be amended by a brief in opposition to a motion to dismiss. (Rec. Doc. 16, at 1–2). Bayou Automotive urges the Court to rely solely on the factual allegations in the complaint. (Rec. Doc. 16, at 2). Second, Bayou Automotive contends that Ms. Bradley's opposition is unsupported by legal authority. (Rec. Doc. 16, at 2–3).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Pro se plaintiffs are held to a more lenient standard when the Court analyzes a complaint, but they "must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir.

2016) (citations omitted). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

### A. FACTUAL ALLEGATIONS IN THE COMPLAINT AND THE OPPOSITION

Ms. Bradley's opposition (Rec. Doc. 12) contains details relating to her claims that are not included in her complaint. At the motion to dismiss stage, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)) (internal quotation marks omitted). Generally, if "matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(d); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). "When a party bases a motion to dismiss on matters outside the pleadings, the court has discretion either to accept the extraneous material and convert the motion to dismiss into a motion for summary judgment, or to decide the motion, as defendant styled it, under the principles of Rule 12(b)(6)." *McDonald v. Kansas City S. Ry. Co.*, No. 16-15975, 2017 WL 1709353, at *2 (E.D. La. May 3, 2017) (citations omitted). This discretion is exercised based on a

determination of whether the material outside the 12(b)(6) motion is likely to facilitate disposition of the action. *Ware v. Associated Milk Prods.*, 614 F.2d 413, 415 (5th Cir. 1980). If the material is incomplete or inconclusive, conversion is generally rejected. *Id.*

Ms. Bradley's opposition lacks the substance necessary to facilitate disposition of this action. While further context is provided regarding her AIDA, MMWA, and FOA claims, Bayou Automotive correctly asserts that the claims in Ms. Bradley's opposition are not sufficiently supported by legal authority. (Rec. Doc. 16, at 2–3). Moreover, Ms. Bradley's opposition introduces state-law claims, without elaboration, that are not included in her complaint. (Rec. Doc. 12, at 3). Ms. Bradley's opposition does not meet the threshold that would prompt the Court to convert a 12(b)(6) motion into a motion for summary judgment. For these reasons, the Court will treat this as a 12(b)(6) motion to dismiss and limit its inquiry to the facts stated in Ms. Bradley's complaint.

**B. CLAIM UNDER THE MONRONEY ACT (AIDA)**

Ms. Bradley brings a claim against Bayou Automotive under the Monroney Act. However, this claim lacks any conceivable basis in law.

Under the AIDA, manufacturers are "not only authorized, but required, to affix a suggested retail price sticker to each new car which is to be sold in the retail market." *In re Nissan Antitrust Litigation*, 577 F.2d 910, 916–17 (5th Cir. 1978) (citing 15 U.S.C. § 1231 *et seq.*). Withholding, altering, or removing such a sticker constitutes a misdemeanor. *Id.* at 917 (citing 15 U.S.C. § 1233). There is no express

provision in the AIDA that creates a private right of action. 15 U.S.C. § 1233 outlines penalties for violation of the Act, but establishes no civil remedies for private parties. To date, no Supreme Court or Fifth Circuit decision has recognized a private right of action under the AIDA.

Such a notion has been explicitly rejected at the district court level. The Eastern District of New York was unable to find any statutory basis for finding a private right of action under 15 U.S.C. § 1232(g), "which outlines the duties, authorities, and enforcement powers" of the AIDA. *Boateng v. Bayerische Motoren Werke Aktiengesellschaft*, No. 17-cv-00209, 2022 WL 4357555, at *27 (E.D.N.Y. Sep. 20, 2022) (citing 15 U.S.C. §§ 1231–1233). "The Act regulates basic information vehicles should provide consumers on the new vehicle label, but does not provide a cause of action for individual drivers." *Id.* (citing 15 U.S.C. § 1232(g)). Without evidence of congressional intent, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 145, 148 (1985); *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 23 (1979); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575–76 (1979)).

As a clear and established matter of law, Bayou Automotive correctly asserts that the AIDA affords no private right of action. There is no civil remedy available to Ms. Bradley. Therefore, dismissal of Ms. Bradley's claim under the AIDA is warranted.

**C. CLAIM UNDER THE MAGNUSON-MOSS WARRANTY ACT (MMWA)**

Next, Ms. Bradley brings a claim against Bayou Automotive under the Magnuson-Moss Warranty Act. However, her complaint lacks sufficient information to state a valid claim.

"In addition to establishing standards governing the content of warranties, the MMWA creates a statutory cause of action for consumers damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation imposed by the Act or established by a written warranty, implied warranty, or service contract." *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 474 (5th Cir. 2002) (internal quotation marks omitted) (quoting 15 U.S.C. § 2310(d)(1)). "[A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the Act], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . in an appropriate district court of the United States," if the amount in controversy of any individual claim is at least $25 and the total amount in controversy is at least $50,000. 15 U.S.C. § 2310.

The MMWA defines a supplier as "any person engaged in the business of making a consumer product directly or indirectly available to consumers," and a warrantor as "any supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty." 15 U.S.C. § 2301(4)–(5). The Act provides that "only the warrantor actually making a written affirmation of fact, promise, or undertaking shall be deemed to have created a written

warranty, and any rights arising thereunder may be enforced under this section only against such warrantor and no other person." 15 U.S.C. § 2310(f). Warrantors are permitted to designate representatives to perform duties under a warranty, "but no such designation shall relieve the warrantor of his direct responsibilities to the consumer or make the representative a cowarrantor." 15 U.S.C. § 2307. "A supplier who does no more than distribute or sell a consumer product covered by a written warranty offered by another person or business and which identifies that person or business as the warrantor is not liable for failure of the written warranty to comply with the Act or rules thereunder," unless the supplier is deemed by state law to have adopted "the written affirmation of fact, promise, or undertaking." 16 C.F.R. § 700.4.

Under Louisiana state law, a manufacturer is primarily defined as "a person or entity who is in the business of manufacturing a product for placement into trade or commerce." La. R. S. § 2800.53. Additional factors that classify a person or entity as a manufacturer include: the person or entity labeling a product as their own; holding themselves out to be the manufacturer; selling the product and exercising control over design, construction, or quality characteristics; incorporating a component into the product from another manufacturer; or selling a product from an alien manufacturer by acting as its alter ego and importing or distributing the product for resale. *Id.* In line with this definition, the Supreme Court of Louisiana has held that a seller who assumes total responsibility for tasks including nationwide marketing, selling, servicing, establishing franchise dealerships, and operating a domestic vehicle distribution center for an alien manufacturer shall be regarded, for

liability purposes, as occupying the role of manufacturer. *Media Prod. Consultants, Inc. v. Mercedes-Benz of North America, Inc.*, 51475 (La. 5/1/72), 262 So. 2d 377, 380.

The parties agree that Ms. Bradley's vehicle was covered by a 3-year, 36,000-mile written warranty. This warranty was issued by Dodge, the vehicle's manufacturer. Nothing in Ms. Bradley's complaint suggests that Bayou Automotive has held itself out as the manufacturer of her vehicle, exercised significant control over its characteristics, or incorporated products into it from another manufacturer. *See* La. R. S. § 2800.53. Even if the Court were to classify Dodge as an alien manufacturer, Bayou Automotive is a local, Louisiana-based dealer. No state-law precedent supports the idea that Bayou Automotive acted as Dodge's alter ego in its operations. *See id.*

**D. CLAIM UNDER THE FEDERAL ODOMETER ACT (FOA)**

Lastly, Ms. Bradley brings a claim against Defendant under the Federal Odometer Act. However, this claim has not been pled with sufficient particularity.

The FOA aims to prohibit tampering with motor vehicle odometers and provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers. 49 U.S.C. § 32701(b). Under the FOA, "[a] person may bring a civil action to enforce a claim . . . in an appropriate United States district court or in another court of competent jurisdiction." 49 U.S.C. § 32710(b). The plaintiff must bring the action "no later than 2 years after the claim accrues." *Id.* A person who violates the FOA with intent to defraud is "liable for 3 times the actual damages or $10,000, whichever is greater." 49 U.S.C. § 32710(a).

"The necessary elements required for a private cause of action pursuant to the Odometer Act are (1) that the defendant violated the Act or its regulations, (2) with intent to defraud." *Gable v. Nikou Grp. Invs., Inc.*, No. H-16-2927, 2017 WL 3671082, at *1 (S.D. Tex. Jan. 13, 2017) (internal quotation marks omitted) (quoting *Owens v. Samkle Auto, Inc.*, 425 F.3d 1318, 1321 (11th Cir. 2005)). A seller who lacks actual knowledge of an incorrect odometer reading may not "close his eyes to the truth." *Nieto v. Pence*, 578 F.2d 640, 642 (5th Cir. 1978). If the seller "reasonably should have known that a vehicle's odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded, a court may infer that he understood the risk of such an occurrence." *Id.*

Circuit courts are split regarding whether a plaintiff's alleged fraud must specifically concern the vehicle's mileage. The Eleventh Circuit rejected this notion, holding that "[n]o language limits the meaning of the clause 'with intent to defraud.'" *Owens*, 425 F.3d at 1321. Conversely, the Seventh Circuit and Ninth Circuit agree that "[t]o survive a Rule 12(b)(6) motion to dismiss, a plaintiff suing under 49 U.S.C. § 32710 must allege that the defendant violated the Odometer Act with intent to defraud as to mileage." *Bodine v. Graco, Inc.*, 533 F.3d 1145, 1151 (9th Cir. 2008); *see Ioffe v. Skokie Motor Sales, Inc.*, 414 F.3d 708, 715 (7th Cir. 2005) (holding that the FOA "creates a private right of action . . . only where a transferor chose not to disclose a vehicle's mileage to the transferee in writing on the title with intent to defraud as to the vehicle's mileage").

Claims under the FOA are subject to a heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) "applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (citation omitted). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). At a minimum, a plaintiff must set forth the "who, what, when, where, and how" of the alleged fraud under Rule 9(b). *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (citing *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)) (internal quotation marks omitted).

It is possible that Ms. Bradley has a valid claim under the FOA. However, considering the factual allegations in her complaint alone, Ms. Bradley fails to satisfy the heightened pleading standard under Rule 9(b). Bayou Automotive correctly indicates that Ms. Bradley's complaint fails to reference an odometer or the vehicle's mileage at all. (Rec. Doc. 11-1, at 4). Moreover, Ms. Bradley's allegations do not specify, or effectively allude to, Bayou Automotive's intent to defraud. (Rec. Doc. 1, at 4–5). There is no clear "who, what, when, where, and how" set forth in Ms. Bradley's complaint. For these reasons, the Court cannot ascertain whether Ms. Bradley's claim is valid. While a private right of action is afforded by the FOA, more information and a more particular pleading are needed to determine whether this right applies to Ms. Bradley.

**E. ESTABLISHING JURISDICTION UNDER 28 U.S.C. § 1331**

There is no diversity of citizenship between Ms. Bradley and Bayou Automotive, as both parties are Louisiana residents. *See* 28 U.S.C. § 1332(a). Moreover, Ms. Bradley did not claim diversity in her complaint or allege an amount in controversy exceeding $75,000. *See id.* As it stands, Ms. Bradley's complaint contains no valid federal claim. To keep her case in federal court, Ms. Bradley will need to file an amended complaint stating a federal claim that is "plausible on its face," accompanied by sufficient facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, the Court declines to exercise supplemental jurisdiction over the state-law claims introduced in Ms. Bradley's opposition. *See* 28 U.S.C. § 1367(c).

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that *Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Alternatively, Motion for a More Definite Statement Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure* **(Rec. Doc. 11)** is **GRANTED,** and that Plaintiff Heather Lee Bradley's federal claims against Bayou Automotive Group, LLC are **DISMISSED, without prejudice**.

**IT IS FURTHER ORDERED** that Ms. Bradley is permitted leave to file an amended complaint. Ms. Bradley shall have twenty-one (21) days from the issuance

of this order to amend her complaint and remedy the pleading deficiencies identified herein. Failure to do so shall result in her claims being dismissed, with prejudice.

**IT IS FURTHER ORDERED** that Ms. Bradley's state-law claims against Bayou Automotive are **DISMISSED, without prejudice.**

**IT IS FURTHER ORDERED** that Bayou Automotive's motion for a more definite statement is **DENIED as moot.**

New Orleans, Louisiana, this 21st day of September, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE